UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No.: 23-cv-20733-RAR/Becerra

RAFAEL GARCIA,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.

_____/

**REPORT AND RECOMMENDATION
ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

**THIS CAUSE** came before the Court on the Parties' cross motions for summary judgment.[1] Plaintiff Rafael Garcia filed a Motion for Summary Judgment ("Plaintiff's Motion"). ECF No. [14]. Defendant, the Acting Commissioner of Social Security ("Commissioner"), also filed a Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment ("Defendant's Motion"). ECF Nos. [16], [17].[2] Plaintiff filed a Reply. ECF No. [18]. The Court must now determine whether the decision reached by the Administrative Law Judge ("ALJ") is supported by substantial evidence and whether the correct legal standards were applied. After a careful review of the Motions, the record, and all relevant authorities, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion be **DENIED** and that Defendant's Motion be **GRANTED**.

---

[1] This matter was referred to the undersigned by the Honorable Rodolfo A. Ruiz, II, United States District Judge. ECF No. [7].

[2] Although the Docket reflects that Defendant filed a separate Response to Plaintiff's Motion for Summary Judgment, ECF No. [17], it is the same document as Defendant's Motion, ECF No. [16].

1

I.      BACKGROUND

On August 20, 2020, Plaintiff filed a Title II application for disability insurance benefits, with an amended disability onset date of November 22, 2016. R. 26, 251-53.[3] Plaintiff was 59 years old on the date last insured, and has a high school education as well as specialized job training in crime scene investigation. R. 251, 274. Plaintiff's application was denied initially and on reconsideration. R. 116-128, 135-145. At Plaintiff's request, the ALJ held a hearing on July 12, 2022, which Plaintiff and his attorney attended. R. 46-72. Plaintiff testified at the hearing, along with a vocational expert. *Id*.

On August 8, 2022, the ALJ issued a written decision in which he concluded that Plaintiff was not disabled within the meaning of the Social Security Act. R. 23-45. In particular, the ALJ found that Plaintiff had a non-severe impairment of right lower lobe pneumonia with hypoxemia, and the following severe impairments: (i) disorder of the spine, (ii) disorder of the left ankle, (iii) disorder of the right foot, (iv) disorder of the left knee, (v) neuropathy of the lower left leg, (vi) obesity, (vii) bilateral hip replacement, and (viii) history of bilateral hernia repair. R. 29. The ALJ next found that Plaintiff did not have "an impairment of combination of impairments" that satisfied a Listing. *Id*. After considering "all" of Plaintiff's symptoms, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, except that he can: (i) stand and walk, combined, for a total of four hours in an eight-hour workday, (ii) never kneel, crouch, crawl or climb ladders, ropes or scaffolds, and (iii) never be exposed to unprotected heights or hazards. R. 30. In explaining the basis of his determination, the ALJ thoroughly discussed the medical evidence

---

[3] References herein to "R. at __" are to the Social Security transcript, which can be found at ECF No. [3]. The page numbers to the transcript referenced herein refer to those assigned by the Court's electronic docketing system as found on the top right corner of the page.

relating to Plaintiff's various impairments and explained the persuasiveness that he assigned to the medical source opinions. R. 30-37.

The ALJ then found that Plaintiff was unable to perform his past relevant work as a criminal investigator. R. 37. After considering Plaintiff's age, education, transferable work skills, and testimony of the vocational expert, the ALJ concluded that Plaintiff was not disabled because there exists a significant number of other jobs in the national economy that an individual with Plaintiff's RFC could perform. R. 38. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making this decision the final decision of the Commissioner. R. 11-16. Plaintiff thereafter filed the instant action. ECF No. [1].

Pending before the Court are the Parties' cross-motions for summary judgment. ECF No. [14]. Plaintiff's submission is two pages in length with ten numbered paragraphs that offer a single sentence or merely quote language from the ALJ's decision. Indeed, one would be hard pressed to characterize Plaintiff's Motion as a legal memorandum given that it includes no citation to any case law or statute, nor does it advance any legal argument. For example, Plaintiff asserts that "[t]he conclusion that [Plaintiff] could do light work with these multiple severe impairments is not supported by substantial evidence. It is not in accord with logic and reason." *Id*. at ¶ 9. However, no argument is set forth in support of that position. Plaintiff also asserts, without more, that "[t]he reversible error is that the ALJ considered the impairments individually and did not consider them taken together." *Id*. at ¶ 10. Indeed, Plaintiff, who is represented by counsel, does not explain the basis of these assertions or provide citations to any legal authority or record evidence.

The Commissioner opposes Plaintiff's Motion and seeks summary judgment in her favor. The Commissioner contends that Plaintiff abandoned any issue he intended to raise because he "fails to cite any authority to support a claim of error, fails to identify how the decision of the ALJ

failed to consider any impairments in combination, and fails to identify any additional limitation he allegedly has because of an impairment." ECF No. [16] at 4-5. The Commissioner also asserts that the ALJ's decision clearly reflects that he considered Plaintiff's impairments in combination when determining Plaintiff's RFC. *Id*. at 5-6. Further, the Commissioner contends that the ALJ applied the correct legal standards and substantial evidence supports his decision. *Id*. at 2-3, 6-7.

Plaintiff's Reply is as deficient as his Motion. *See* ECF No. [18], *generally*. Plaintiff again fails to include citations to legal authority or record evidence, and again fails to offer any analysis. *Id.* The Reply, which is substantively one paragraph in length, reads in its entirety as follows:

> The government's response only alludes to the ALJ mentioning that the combination of impairments did not meet the Listings[.] This case is not about the Listings. So that statement does not contradict the Plaintiff Rafael Garcia's argument at all. Beyond that the government's response does not dispute Rafael Garcia's argument that the ALJ did not consider the whole man, the real Rafael Garcia with multiple severe impairments.

*Id*.

## II.    STATUTORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Plaintiff bears the burden of proving that he is disabled, and he is responsible for producing evidence to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

The ALJ is required to follow a five-step sequential evaluation process to determine whether a claimant is disabled. *See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). At step one, the ALJ must determine whether the claimant is currently unemployed; at step two, the ALJ must determine whether the claimant suffers from "severe"[4] impairment(s); at step three, the ALJ must determine whether the claimant suffers from an impairment that meets, or medically equals, a listed impairment found under 20 C.F.R. pt. 404, subpt. P, app. 1; at step four, the ALJ must determine whether the claimant is unable to return to his past relevant work given his RFC;[5] and if not, at step five, the ALJ must determine whether the claimant is unable to perform other work as it exists in the national economy, given his age, education, RFC, and work experience. *Id.* While "[a]n affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability . . . [a] negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (citing 20 C.F.R. § 416.920(a)–(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516, 1518 (11th Cir. 1985)).

With respect to the RFC, "the ALJ must consider all medical opinions in the claimant's case record together with other pertinent evidence." *Duffy v. Comm'r of Soc. Sec.*, 736 F. App'x 834, 836 (11th Cir. 2018) (citing 20 C.F.R. §§ 404.1520(e), 416.920(e)). The ALJ's assessment must

---

[4] An impairment is considered "severe" if it significantly limits a person's physical or mental ability to do basic work activities for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1509, 404.1522(a)–(b).

[5] RFC is defined as the "most [a claimant] can still do despite [a claimant's physical and mental] limitations." 20 C.F.R § 416.945(a)(1).

be "based on all relevant medical and other evidence, of a claimant's remaining ability to work despite [a claimant's] impairment." *Castle v. Colvin*, 557 F. App'x 849, 852 (11th Cir. 2014). "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in [the ALJ's] decision," however, the ALJ's decision must contain sufficient detail so that the court can determine that the ALJ considered the claimant's medical condition as a whole. *Lewen v. Comm'r of Soc. Sec.*, 605 F. App'x 967, 968 (11th Cir. 2015); *see Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 601–02 (11th Cir. 2017) (noting that although the opinion "need not specifically refer to every piece of evidence, [it] must contain sufficient detail so that [the court] can conclude that the ALJ considered the claimant's medical condition as a whole in assessing her residual functional capacity").

In evaluating medical opinions, the applicable regulation instructs that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) ... including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must also specify how persuasive he found the medical opinion under consideration based on the following factors: (1) supportability, (2) consistency, (3) the medical source's relationship with the claimant, (4) the medical source's specialization and (5) any other factors that tend to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(c); 20 C.F.R. § 404.1520c (b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions… in your case record."). The most important factors are supportability and consistency, and the ALJ must explain how he considered them. 20 C.F.R. § 404.1520c (b)(2) ("The factors of supportability…and consistency…are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be. Therefore, we will explain how we considered the supportability and

consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision."). "Other than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness." *Klucsarits v. Comm'r of Soc. Sec.*, No. 20-14376-Civ, 2022 WL 1664133, at *6 (S.D. Fla. April 13, 2022) (citations omitted).

### III.  STANDARD OF REVIEW

Judicial review of an ALJ's final decision is limited to whether there is substantial evidence in the record to support the ALJ's findings, and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing *Richardson*, 402 U.S. at 401); *see also Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

In reviewing the ALJ's decision, a court is not to "reweigh the evidence" or "decide the facts anew." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Instead, so long as the ALJ's findings are supported by substantial evidence, they are conclusive, and the Court must defer to the ALJ's decision. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004); *Hunter v. Comm'r, Soc. Sec. Admin.*, 808 F.3d 818, 822 (11th Cir. 2015). Even if the Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm the Commissioner's decision if the decision is supported by substantial evidence. *See Ellison*, 355 F.3d at 1275. In this respect, "the ALJ has a basic obligation to develop a full and fair record," given that a hearing before an ALJ is not an adversarial proceeding. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). The Court also reviews the ALJ's decision to determine whether

the correct legal standards were applied. *Id.* However, no presumption of validity attaches to the ALJ's conclusions of law. *See Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

## IV.   ANALYSIS

Plaintiff states that the ALJ committed reversal error by failing to consider Plaintiff's severe impairments in combination when "determining disability or an ability to do light work." ECF No. [18] at 1. However, the Motion is bereft of any authority or analysis. *Id*. As noted above, Plaintiff submitted a two-page motion without any legal authorities and without any argument presented. Indeed, the Motion simply and barely states his legal conclusion.

A movant "forfeits an issue when [he] raises it in a perfunctory manner without supporting arguments and authority." *Harner v. Comm'r of Soc. Sec.*, 38 F.4th 892, 899 (11th Cir. 2022) (quotation marks and citation omitted); *see also Singh v. United States Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.") (citation omitted). The absence of explanation leaves the Court unable to discern the factual and legal bases of Plaintiff's claimed error. "It is not the job of the court to search through the record and make arguments for the parties." *Broughton v. Crews*, No. 15-cv-22925, 2016 WL 4628051, at *37 (S.D. Fla. Jan. 28, 2016) (citation omitted) (*report and recommendation adopted*, 2016 WL 4625616 (S.D. Fla. Sept. 6, 2016)); *see also*, *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him."). Given the lack of any legal argument in support of his claim that the Commissioner failed to review his impairments in combination, the undersigned finds that Plaintiff has forfeited and waived any challenge to the ALJ's decision.

Notwithstanding the fact that the Court is not required to consider Plaintiff's argument given the cursory manner in which it is raised, the undersigned nonetheless reviewed the ALJ's decision and concludes that Plaintiff's conclusory allegation is without merit.  It is correct that "[w]here a claimant has alleged several impairments, the Secretary has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled."  *Jones v. Dept. of Health and Human Servs.*, 941 F.2d 1529, 1553 (11th Cir. 1991).  It is clear that the ALJ did so.

The ALJ provided a comprehensive analysis of the clinical findings and medical opinions regarding Plaintiff's various impairments when explaining the RFC.  R. 30-37.  In particular, the ALJ specifically discussed, at length, the medical records and opinion evidence regarding Plaintiff's bilateral hip replacement, disorders of the left knee, right foot and spine, obesity, and bilateral hernia repair.  R. 31-37.  Further, with respect to each of those impairments, the ALJ explained how the treatments that Plaintiff received, and his response to such treatments, supported the RFC.  R. 34-36.  The ALJ also considered Plaintiff's reports to his medical providers that pain in his foot, knee, and hips had improved or were resolved following treatment.  R. 35-36.

Notably, the ALJ's decision *expressly* states that the ALJ evaluated whether Plaintiff had "an impairment or combination of impairments" that met a Listing and that he considered "all symptoms" in determining the RFC.  R. 29, 30.  Under these circumstances, where it is apparent from the ALJ's decision that he considered all medical evidence in combination, such statements are sufficient to demonstrate that the ALJ considered the cumulative effect of Plaintiff's impairments.  *See e.g., Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 952 (11th Cir. 2014); *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002) ("[T]he ALJ specifically stated that 'the medical evidence establishes that [claimant] had several injuries which constitute a severe

impairment, but that he did not have an impairment *or combination of impairments* listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.' The ALJ's determination constitutes evidence that he considered the combined effects of [claimant's] impairments."); *Jones*, 941 F.2d at 1533 ("[T]he ALJ specifically found that while [claimant] 'has severe residuals of an injury to the left heel and multiple surgeries on that area,' he does not have 'an impairment *or combination of impairments* listed in Appendix 1, Subpart P, Regulation No. 4.' The ALJ's determination evidences consideration of the combined effect of appellant's impairments.").

In short, the record sufficiently demonstrates that the ALJ properly considered all of Plaintiff's impairments in combination in reaching the conclusion that Plaintiff was not disabled. Plaintiff makes no other argument that the ALJ committed reversible error. The undersigned has reviewed the record, and agrees with the Commissioner that the record sufficiently demonstrates that the ALJ applied the correct legal standards and that his findings are supported by substantial evidence. Accordingly, for the foregoing reasons, the undersigned concludes that Plaintiff's Motion should be denied and Defendant's Motion should be granted.

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Summary Judgment, ECF No. [14], be **DENIED** and Defendant's Motion for Summary Judgment, ECF No. [16], be **GRANTED**.

## VI.     OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the

District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida on December 20, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**